FILED
CLERK, U.S. DISTRICT COURT
MAR 5 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS ROSE ANN FERNANDEZ, M.A., P.A.,<br>            Petitioner,<br>v.<br>Mr. T. ELLIS, C.D.C.R., et al.,<br>            Respondents. | No. EDCV 13-338 SJO (FFM)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION |

      On February 22, 2013, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

      As best the Court can glean from the face of the Petition, petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims relate to the allegedly false issuance of "chronos" that have caused her emotional distress.

      Petitioner is currently serving time for conviction of one felony count of robbery and two misdemeanor counts of assault with a deadly weapon other than a firearm and by means of force likely to cause great bodily injury. Her petition for writ of habeas corpus challenging that conviction is currently pending in this Court (*see* EDCV 12-1061 SJO (FFM)).

///

///

1     The Writ of Habeas Corpus is limited to attacks upon the legality or
2 duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)
3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). A civil rights action,
4 in contrast, is the proper method of challenging civil injuries. *See Badea v. Cox*,
5 931 F.2d 573, 574 (9th Cir. 1991); *see also Young v. Kenny*, 907 F.2d 874, 875
6 n.1 (1990). Petitioner's claims as presently alleged do not implicate the legality
7 or duration of confinement, but rather concern alleged civil injuries.

8     The Court does have discretion to construe petitioner's habeas petition as a
9 civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971);
10 *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). In this instance, however,
11 the Court chooses not to exercise such discretion, because it is clear that the
12 pleading fails to comply with Federal Rule of Civil Procedure 8 and Federal Rule
13 of Civil Procedure 18. Rule 8(a)(2) requires a "a short and plain statement of the
14 claim." The allegations of the Petition are largely unintelligible.

15     Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the
16 United States District Court, it is therefore ordered that this action be dismissed
17 without prejudice.

DATED: 3/5/13

S. JAMES OTERO
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

2